UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RANTRELL CARDELL PATTON,**     } <br>     Plaintiff,     } <br> v.     } <br>          } <br> **UNITED STATES OF AMERICA,**     } <br>     Defendant.     } <br>          } <br>          } | Case Numbers: <br> **2:19-cv-08024-MHH;** <br> **2:18-cr-00604-MHH-GMB** |

## MEMORANDUM OPINION

On December 18, 2018, Rantrell Cardell Patton pleaded guilty to possession with intent to distribute heroin and possession of a semiautomatic assault weapon in furtherance of a drug trafficking crime. (Crim. Docs. 1, 4).[1] The Court sentenced

---

[1] Mr. Patton's PSR describes the conduct for which he was convicted. (Crim. Doc. 12, pp. 5-7). On April 18, 2017, when Mr. Patton was 20 years old, (Crim. Doc. 12, p. 3), state law enforcement agents stopped and searched a stolen car Mr. Patton was driving. Agents found approximately 3.5 grams of heroin and a Romanian AK-47 semiautomatic assault rifle in the car and arrested Mr. Patton. (Crim. Doc. 4, pp. 2-3). He was convicted in the Jefferson County District Court as a youthful offender for unlawful possession of a controlled substance and receiving stolen property and placed on probation. (Crim. Doc. 4, p. 3; Crim. Doc. 12, pp. 9-10). While on probation, state law enforcement officers arrested Mr. Patton on an outstanding state arrest warrant. (Crim. Doc. 4, p. 3). During an interview with state investigators, Mr. Patton volunteered, in reference to the April 2017 incident, that he "was going to sell the heroin" and that he "bought the AK-47 from someone named Joe." (Crim. Doc. 4, p. 3). On December 18, 2018, the United States brought an information against Mr. Patton based on the April 2017 incident for one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of possession of a semiautomatic assault weapon in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(i). (Crim. Doc. 1, pp. 1-2). Mr. Patton waived his right to prosecution by indictment. (Crim. Doc. 2, p. 1). On December 18, 2018, Mr. Patton pleaded guilty to both counts. (Crim. Doc. 4). The Court sentenced Mr. Patton in April 2019. (Crim. Doc. 14).

Mr. Patton to eight months of imprisonment on the drug crime and to the mandatory minimum of 120 months of imprisonment for the firearm crime, for a total of 128 months of imprisonment. (Crim. Doc. 14).[2]  Mr. Patton did not appeal.

Pursuant to 28 U.S.C. § 2255, Mr. Patton seeks relief from his conviction and sentence for the firearm crime based on the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019). (Doc. 1, p. 13; Doc. 1-1, pp. 6-8).[3]  The Supreme Court in *Davis* held that the definition of a "crime of violence" in the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 588 U.S. at 470.[4]  Relying on *Davis*, Mr. Patton asks the Court to vacate his § 924(c) conviction and to resentence him on the drug crime. (Doc. 1-1, p. 8).

Mr. Patton's reliance on *Davis* is misplaced. Mr. Patton's predicate offense for his § 924(c) conviction is a drug trafficking offense to which he pleaded guilty, not a crime a violence based on § 924(c)(3)(B)'s residual clause. Because Mr. Patton's § 924(c) conviction rests on a drug trafficking crime, not a crime of violence under § 924(c)(3)(B)'s residual clause, *Davis* does not afford relief. *See In re Navarro*, 931

---

[2] "Doc." record cites refer to docket entries in this habeas case; "Crim. Doc." refers to docket entries in Mr. Patton's underlying criminal case, No. 2:18-cr-00604-MHH-GMB.

[3] Attorney Brion Russell filed the § 2255 motion for Mr. Patton. (Doc. 1, p. 13; Doc. 1-1, pp. 8-9).

[4] The Supreme Court's decision in *Davis* abrogated the Eleventh Circuit's decision in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (*en banc*). *See Davis*, 588 U.S. at 470.

F.3d 1298, 1302 (11th Cir. 2019) ("[I]t is apparent from the record that Navarro's § 924(c) conviction is fully supported by his drug-trafficking crimes, and it therefore is outside the scope of *Davis*.").[5]

Even if *Davis* did apply here, Mr. Patton's § 2255 motion is procedurally defaulted because he did not appeal from the judgment against him. If a criminal defendant does not challenge a criminal conviction or sentence on direct appeal, he may not challenge the conviction or sentence by a § 2255 motion in district court. *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021). Procedurally defaulted claims cannot succeed on collateral review unless the defendant can "(1) show cause to excuse the default and actual prejudice from the claimed error" or (2) show that he is actually innocent of the conviction. *Granda*, 990 F.3d at 1286 (emphasis omitted).[6] "This standard is 'a significantly higher hurdle than would exist on direct appeal.'" *Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

---

[5] Mr. Patton submitted a *pro se* filing dated November 5, 2021, in which he cites "Borden v. United States (19-4316)" to support his argument that the Court should vacate his § 924(c) conviction and sentence. (Doc. 7, p. 1). The Court cannot find the *Borden* case. Given Mr. Patton's description of the facts in *Borden*, the case does not apply here because the case seems to involve a crime of violence predicate offense, not a drug trafficking crime like Mr. Patton's heroin distribution crime. (*See* Doc. 7, p. 1) ("Borden was charged with and found guilty of conspiracy to commit bank robbery and carrying a firearm in furtherance of a crime of violence.").

[6] Mr. Patton does not argue actual innocence as a justification for his procedural default.

3

"The novelty of a claim may be cause to excuse a procedural default." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020); *see Granda*, 990 F.3d at 1286. A claim is "truly novel" when "its legal basis [was] not reasonably available to counsel." *Bane*, 948 F.3d at 1297. But a claim is not so novel "when the building blocks of the claim were available to counsel." *Bane*, 948 F.3d at 1297. To establish novelty, a defendant "must show that the new rule was a sufficiently clear break with the past, so that an attorney representing [him] would not reasonably have had the tools for presenting the claim." *Granda,* 990 F.3d at 1286 (internal quotation and citation omitted). Ultimately, a decision is not novel where "at the time of petitioner's plea, the Federal Reporters were replete with cases" on the same issue. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Here, Mr. Patton's *Davis* argument is not so novel as to provide cause to overcome procedural default. In *Granda*, the Eleventh Circuit explained that while *Davis* announced a new constitutional rule that applied retroactively, *Davis* was not a "sufficiently clear break with the past" that an attorney representing Mr. Granda "would not reasonably have had the tools" necessary to present a *Davis* argument on direct appeal. *Granda*, 990 F.3d at 1282, 1287-88 (citing cases dating to 1986 that demonstrated litigants had raised similar due process vagueness challenges to other parts of § 924(c) "for years"); *see Parker v. United States*, 993 F.3d 1257, 1265 (11th Cir. 2021) (finding that "*Granda* held that a vagueness-based challenge to the §

4

924(c)(3)(B) residual clause was not sufficiently novel to establish cause"). Mr. Patton's attorney also had the tools to raise a vagueness challenge to § 924(c) either before sentencing in April 2019 or on direct appeal later that year.[7]

For these reasons, by separate order, the Court will deny Mr. Patton's § 2255 motion.

A district court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the

---

[7] Before Mr. Patton pleaded guilty in December 2018, four courts of appeals had struck down the "crime of violence" residual clause in 18 U.S.C. 924(c)(3)(B) on due process vagueness grounds. *See United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018); *United States v. Eshetu*, 898 F.3d 36, 37 (D.C. Cir. 2018); *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018); *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

Before Mr. Patton pleaded guilty in December 2018, the Eleventh Circuit in *Ovalles* had held that the residual clause in § 924(c)(3)(B) was not unconstitutionally vague. *Ovalles*, 905 F.3d at 1252. The *Ovalles* holding made a vagueness challenge to § 924(c)(3)(B) futile because it "was unacceptable to that particular court at that particular time," but futility does not establish cause to overcome default. *Bousley*, 523 U.S. at 623. And Mr. Patton would have had to raise a vagueness challenge to the sections of § 924(c) under which he was charged; a vagueness challenge to the residual clause would not have helped him.

In *Davis*, the Supreme Court granted a writ of certiorari to resolve the circuit split on the vagueness issue concerning § 924(c)(3)(B). *See United States v. Davis*, 139 S. Ct. 782 (2019); see *also Pitts*, 923 F.2d 1568, 1572-73 (11th Cir. 1991) (holding that petitioner's claim was not sufficiently novel to be excused for cause where several states and federal circuits had already recognized the same claim and where the Supreme Court had already granted certiorari to address the issue).

5

issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The Court declines to issue a certificate of appealability here because Mr. Patton's case does not satisfy either standard. Mr. Patton may request a certificate of appealability from the Eleventh Circuit Court of Appeals. Fed. R. App. P. 22(b); 11th Cir. R. 22-1.

**DONE** and **ORDERED** this March 14, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE